ELIZABETH C. WOODARD, OSB 075667
Senior Deputy City Attorney
beth.woodard@portlandoregon.gov
CAREY CALDWELL, OSB 093032
Senior Deputy City Attorney
Carey.caldwell@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089

*Attorney for Defendants City of Portland,
George Anderson, Nicholas Morales
Joseph Jesse, and Jessica Bird*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **MALVIN ABEL,**<br>an Oregon resident,<br><br>       Plaintiff,<br><br>v.<br><br>**CITY OF PORTLAND**, an Oregon municipal corporation;<br>**MICHAEL CURRIER**, individually and in his official capacity;<br>**GEORGE ANDERSON**, individually and in his official capacity;<br>**NICHOLAS MORALES**, individually and in his official capacity;<br>**JOSEPH JESSE**, individually and in his official capacity;<br>**JESSICA BIRD**, individually and in her official capacity;<br>**DOES 1-6**, individually and in their official capacity;<br><br>       Defendants | Case No. 3:24-cv-02028-IM<br><br>**DEFENDANTS CITY OF PORTLAND, GEORGE ANDERSON, NICHOLAS MORALES, JOSEPH JESSE, AND JESSICA BIRD'S FRCP 42(a) MOTION TO CONSOLIDATE** |

Page  1  –   DEFENDANTS CITY OF PORTLAND, GEORGE ANDERSON, NICHOLAS MORALES, JOSEPH JESSE, AND JESSICA BIRD'S FRCP 42(a) MOTION TO CONSOLIDATE

## LR 7-1 CERTIFICATION

Counsel for Defendants City of Portland, Bird, Jesse, Morales, and Anderson (collectively, "City Defendants") certifies that pursuant to LR 7-1 they conferred with Counsel for Defendant Currier and Counsel for Plaintiffs Abel and Carter on January 15, 2026. Counsel for Currier does not oppose this Motion. At the conferral, counsel for Plaintiffs acknowledged that despite the fact there was near unanimity in fact and law in both complaints and despite the fact that the "new" Carter complaint was a nearly identical to the proposed Fourth Amended Complaint in the Abel case, adding Carter as a Plaintiff, and shared by Plaintiffs' counsel two months before filing of the Carter Complaint, they objected to consolidation. Plaintiffs' counsel, as they did in the January 15, 2026, Rule 16 letter to the Court, asserted that the procedural posture of the Abel claim made it unfair to consolidate Carter's case. Defendant City of Portland disagrees.

## MOTION

Pursuant to Fed. R. Civ. P. 42(a) and LR 42-3, City Defendants move this Court to order consolidation of the following cases for all proceedings, including trial:

*Malvin Abel v. City of Portland, et. al*, United States District Court District of Oregon, Case No. Case No.: 3:24-cv-2028-IM ("Abel Case")

*Nichell Carter v. City of Portland, et. al*, United States District Court District of Oregon, Case No. Case No.: 3:25-cv-02446-AN ("Carter Case")

Because both cases have identical questions of fact and near identical questions of law, because consolidation would promote fairness and judicial economy, and because consolidation would avoid prejudice to all defendants, consolidation is warranted under Fed. R. Civ. P. 42(a) and LR 42-3.

This Motion is supported by the legal memorandum set forth below, the Declaration and related exhibits of Carey Caldwell, and the pleadings on file herein.

/ / /

Page 2 –    DEFENDANTS CITY OF PORTLAND, GEORGE ANDERSON, NICHOLAS MORALES, JOSEPH JESSE, AND JESSICA BIRD'S FRCP 42(a) MOTION TO CONSOLIDATE

## POINTS AND AUTHORITIES

### A.     Legal Standard

The Federal Rules of Civil Procedure provide that a court may consolidate cases which "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The court may consolidate for hearing or trial "any or all matters at issue," including the entire case. *Id*. "In making this determination, the court must weigh the interest in judicial convenience against the potential delay, confusion and prejudice caused by consolidation." *Oregon Cath. Press v. Ambrosetti*, No. 3:19-CV-01397-AC, 2021 WL 3852190, at *6 (D. Or. Aug. 4, 2021) (citation omitted). "The purpose of Rule 42(a) is to improve trial court efficiency by avoiding unnecessary duplication of evidence and procedures and to avoid the risk of inconsistent adjudications." *Id.* (citation omitted). The District Court enjoys "substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018); *see also Oregon Cath. Press*, 2021 WL 3852190 at *6. The *Hall* court specifically relied on Wright and Miller's treatise on Federal Procedure. *Hall*, 138 S. Ct. at 1131. That treatise provides in part:

> Actions involving the same parties are apt candidates for consolidation.  * * * Although identity of the parties in multiple actions strengthens the case for consolidation under [the] Rule [], it is not required. A substantial common question of law or fact is enough.  * * * "[T]he critical consideration, as in other contexts under the [] Rules, is whether there is at least one common question of law or fact to justify bringing the actions together[.]

§ 2384 Consolidation—Particular Cases, 9A Fed Prac & Proc Civ § 2384 (3d ed) (also citing a litany of cases at n.9).

The two actions here involve the same incident, with the same parties, the same facts, and the same law. Consolidation is appropriate and will make litigation more efficient.

/ / /

/ / /

Page 3 –    DEFENDANTS CITY OF PORTLAND, GEORGE ANDERSON, NICHOLAS MORALES, JOSEPH JESSE, AND JESSICA BIRD'S FRCP 42(a) MOTION TO CONSOLIDATE

### B. LR 42-3 Factors

**(1) The case number, case title, and assigned judge of every related case pending in the District of Oregon.**

Plaintiff Abel filed the Able Case on December 5, 2024. The Court assigned that case to Judge Karin J. Immergut.

Plaintiff Carter filed the Carter Case on December 31, 2025. The Court assigned that case to Judge Adrienne Nelson.

**(2) The case number, case title, assigned judge, and court location of every other related case pending in any other state or federal court.**

There are no other related cases known to City Defendants.

**(3) The common question of law or fact at issue in each case.**

Other than each Plaintiffs' alleged specific injuries, both cases involve the exact same questions of fact and essentially identical issues of law. *See* Section. C, *infra*, for additional explanation.

**(4) The status in each case of all pending motions, Court imposed deadlines, case management schedules, trial dates, etc.**

Defendants Answered the Third Amended Complaint in the Abel Case. Shortly thereafter, Plaintiffs proposed a Fourth Amended Complaint, including Carter as a Plaintiff and adding multiple claims on behalf of both Plaintiffs. Plaintiff Carter then filed the Carter Case on December 31, 2025. No Defendant has been served in the Carter Case.

In the Abel Case there is a pending Rule 26(f) report set for January 23, 2026, and Rule 16 conference with the Court set for January 28, 2026, at 3:00pm.

**(5) The reason that the cases should be reassigned and managed by a single judicial officer.**

Both cases relate to a police stop in the early morning hours of January 1, 2024. As noted, other than the injuries particular to each Plaintiff and a couple of redundant and derivative claims,

Page 4 – DEFENDANTS CITY OF PORTLAND, GEORGE ANDERSON, NICHOLAS MORALES, JOSEPH JESSE, AND JESSICA BIRD'S FRCP 42(a) MOTION TO CONSOLIDATE

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

all facts and nearly all law are identical. Lack of consolidation will lead to unfair prejudice to Defendants as it will require duplication of evidence and procedures and will be susceptible to the risk of inconsistent adjudications. *See Wilson v. HGC, Inc.*, No. 1:16-CV-799-SI, 2016 WL 4432690, at *1 (D. Or. Aug. 18, 2016) (stating the purpose of Rule 42(a) is to improve efficiency and avoid such duplication and inconsistency); *see also* Section. C, *infra*, for additional explanation.

**(6) The position of the other parties, if known.**

Defendant Currier agrees the cases should be consolidated. Plaintiffs disagree that consolidation is appropriate. Defendants understand that Plaintiffs adopt that position because the procedural posture of the Abel Case is different than the Carter Case.

**(7) The scope of consolidation requested, *e.g.*, for hearing on a motion; for pretrial and discovery; or for all further proceedings, including trial.**

Defendants request consolidation for all purposes, including trial.

**C.    Common Questions of Law and Fact**

As provided, both cases share near unanimity in fact and law. This is evidenced by the proposed Fourth Amended Complaint shared by Plaintiffs' counsel on October 31, 2025. (*See* Caldwell Dec., Ex. 1, "redlined" Fourth Amended Complaint; *see also id.*, Ex. 2, Plaintiffs' summary of changes to Third Amended Complaint). Exhibit 2 to the Caldwell Declaration, a summary of proposed changes to the Third Amended Complaint prepared by Plaintiffs' counsel, evidence the unanimity in shared fact and law. In that document, Plaintiffs note the only change in the "Factual Background" was "Pluralize to Plaintiffs." (Caldwell Dec., Ex. 2, p.1). Plaintiff Carter then essentially copied and pasted the Factual Background from that proposed Fourth Amended Complaint. There is no argument that, other than specific injury, the exact same facts are at issue in both cases.

/ / /

Page  5 –    DEFENDANTS CITY OF PORTLAND, GEORGE ANDERSON, NICHOLAS MORALES, JOSEPH JESSE, AND JESSICA BIRD'S FRCP 42(a) MOTION TO CONSOLIDATE

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

Consistent with Exhibit 2, Abel's Third-Amended Complaint and Carter's Complaint contain nearly verbatim allegations of background facts. (Abel Case, ECF 35, ¶¶14-46; Carter Case, ECF 1, ¶¶20-44). Further, the additional claims in the Carter Case are derivative of or supplemental to the existing claims in the Abel Case. For instance, Carter adds a battery claim to the existing assault claim, an unlawful seizure to excessive force claim, additional elements to a *Monell* claim, and additional general negligence allegations to a negligent supervision claim. (*See generally* Abel Case, ECF 35, ¶¶47-82; Carter Case, ECF 1, ¶¶45-111). Evaluation of those new claims rest on the same legal underpinnings of the existing claims. In addition, based on the proposed Fourth Amended Complaint, it appears Abel intends to add these same claims to his action. In any case, Defendants will likely attack many of the claims in the same manner. (*See, e.g.*, *Graham v. Connor*, 490 U.S. 386, 394 (1989) (excessive force and unlawful seizure are examined under the Fourth Amendment); *Albright, v. Oliver,* 510 U.S. 266, 274-275 (1994) (a plaintiff cannot bring a claim for substantive due process when he has a claim on the same facts under another constitutional provision); both Plaintiffs conflate the Fourth and Fourteenth Amendments in their claims)).

Moreover, Defendants shared evidence with Plaintiffs' counsel showing almost all the newly named individual Defendants in the Carter Case never interacted with Plaintiffs, were not part of the stop, and did not participate in any substantive way related to the claim. For instance, City Defendants provided printouts showing Sara Gibbons and Troyler Fultz never arrived on scene. Similarly, that Jason Hubert only arrived on scene after the driver was in custody and all investigations were complete then left directly with no participation. Likewise, Heidi Loebach was a Bureau of Emergency Communications (BOEC) dispatcher who only repeated/recorded the radio traffic. There is further evidence that Camilo Pena and Patrick Mawdsley had no substantive involvement in Plaintiffs' claim; that will likely require some additional development

Page  6  –    DEFENDANTS CITY OF PORTLAND, GEORGE ANDERSON, NICHOLAS MORALES, JOSEPH JESSE, AND JESSICA BIRD'S FRCP 42(a) MOTION TO CONSOLIDATE

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

to assure Plaintiffs of those officers' lack of involvement, but those are shared facts of both cases. Likewise, the fact that Plaintiff Abel has in his possession evidence that show the claims against Defendants Jesse and Bird are unfounded and spurious will be the subject of motion practice. In any case, this reinforces that despite any newly named Defendants, the actual facts and parties are identical in each case.

It is likely that Plaintiffs' counsel filed the Carter Complaint because the statute of limitations was set to expire the next day. Whatever the reason, Plaintiffs' counsel refusal to acknowledge the identify of fact and law is not reasonable.

Allowing the cases to remain separate will require multiple depositions by each named defendant, as well as the many representatives of Defendant City that necessarily become involved in these types of cases. Similarly, it will require duplicative discovery of physical materials. In keeping, as illustrated above, it will require two Article III judges evaluate identical motions based on the same facts and law. As this District Court noted previously,

> The purpose of Rule 42(a) is to improve trial court efficiency by avoiding unnecessary duplication of evidence and procedures and to avoid the risk of inconsistent adjudications.

*Wilson*, 2016 WL 4432690, at *1. Consolidation of the Carter Case with the Abel Case will improve court efficiency, avoid unnecessary duplication of evidence and procedures, and avoid the risk of inconsistent adjudications.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page  7  –   DEFENDANTS CITY OF PORTLAND, GEORGE ANDERSON, NICHOLAS MORALES, JOSEPH JESSE, AND JESSICA BIRD'S FRCP 42(a) MOTION TO CONSOLIDATE

## CONCLUSION

Based on the foregoing, City Defendants request this Court consolidate the two cases for all purposes. Pursuant to LR 42-4, the Abel Case is the earlier filed case and should be designated as the lead case for said consolidation.

Dated: January 23, 2026

                                                Respectfully submitted,

                                                */s/ Carey Caldwell*
                                                CAREY CALDWELL, OSB # 093032
                                                Sr. Deputy City Attorney
                                                Telephone: (503) 823-4047

Page 8 –    DEFENDANTS CITY OF PORTLAND, GEORGE ANDERSON, NICHOLAS MORALES, JOSEPH JESSE, AND JESSICA BIRD'S FRCP 42(a) MOTION TO CONSOLIDATE

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047