Tara R. Lawrence, OSB 990581
tara@taralawrencelaw.com
Lawrence Law Firm
54 Wilbur Street
Lake Oswego, OR 97034
Telephone: (503) 387-5571
Facsimile: (888) 660-7336

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MALVIN ABEL**,<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF PORTLAND**, et al.<br><br>Defendants. | Case No.: 3:24-cv-2028-IM (Lead Case)<br><br>**PLAINTIFF NICHELLE CARTER'S SECOND AMENDED COMPLAINT**<br><br>**CIVIL RIGHTS VIOLATION**<br><br>UNDER 42 U.S.C. § 1983<br><br>**Oregon Tort Claims Act**<br>**Assault**<br>**Battery**<br>**Intentional Infliction of Emotional Distress**<br>**Negligent Supervision**<br>**Negligent Infliction of Emotional Distress**<br>**Negligence**<br>**False Arrest**<br><br>**DEMAND FOR JURY TRIAL** |
| **NICHELLE CARTER**,<br><br>Plaintiff.<br><br>v. | Case No. 3:25-cv-02446-IM (Trailing Case) |

**CITY OF PORTLAND**, an Oregon municipal corporation;
**MICHAEL CURRIER**, individually and in his official capacity;
**GEORGE ANDERSON**, individually and in his official capacity;
**NICHOLAS MORALES**, individually and in his official capacity;
**CAMILO PENA**, individually and in his official capacity;
**PATRICK MAWDSLEY**, individually and in his official capacity;

Defendants.

Plaintiff Nichelle Carter respectfully alleges for this Second Amended Complaint as follows:

**INTRODUCTION**

1. This is an action for damages against the Defendants for violating Plaintiff Nichelle Carter's civil rights during and following an incident wherein the Portland Police Bureau officers rammed a vehicle in which Plaintiff was a passenger and directly caused serious bodily, emotional, and neuropsychological injuries. Following the incident, officers and members of the Portland Police Bureau, through their acts and omissions, concealed what occurred in their official accounting subject to investigation and further deprived Plaintiff of her rights, resulting in economic, noneconomic, and punitive damages. Plaintiff is entitled to recover damages and an award of attorney fees and costs.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over Plaintiff's claims of violation of federal constitutional rights pursuant to 28 U.S.C. §§ 1331 and 1343 because the causes of action



LAWRENCE LAW FIRM
54 WILBUR STREET
LAKE OSWEGO, OR 97034

arise under 42 U.S.C. § 1983. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

3. Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because all material events or omissions giving rise to Plaintiff's claims occurred in the District of Oregon and because Defendants are subject to personal jurisdiction in the District of Oregon.

**TORT CLAIM NOTICE**

4. Prior to the institution of this action, Plaintiff provided notice of this claim to all necessary parties pursuant to Oregon Revised Statutes (ORS) § 30.275.

5. Plaintiff's damages exceed the limitations on liability set forth in ORS 30.271 to 30.273. Accordingly, pursuant to ORS 30.265(4), Plaintiff's claims under ORS 30.260 to 30.300 may be brought and maintained against the individual Defendants as well as against Defendant City of Portland.

**PARTIES**

6. Plaintiff Nichelle Carter (hereinafter referred to as "Plaintiff") is an African American individual whose domicile, at all material times, was Multnomah County, Oregon.

7. At all material times, the Defendant City of Portland (hereinafter referred to as "COP" or "the City") is a municipal corporation conducting business in Multnomah County, Oregon. At all material times, the City is considered a person under 42 U.S.C. § 1983 and employed Defendants Michael Currier, George Anderson, Nicholas Morales, Camilo Pena, and Patrick Mawdsley.

8. The Portland Police Bureau (hereinafter referred to as "PPB") is a division of the Defendant City of Portland.



LAWRENCE LAW FIRM
54 WILBUR STREET
LAKE OSWEGO, OR 97034

9. At all material times, Defendant Michael Currier is a U.S. citizen and resident of Multnomah County, Oregon. He is sued in his individual and official capacity.

10. At all material times, the Defendant George Anderson is a U.S. citizen and resident of Multnomah County, Oregon. He is sued in his individual and official capacity.

11. At all material times, the Defendant Nicholas Morales is a U.S. citizen and resident of Multnomah County, Oregon. He is sued in his individual and official capacity.

12. At all material times, the Defendant Camilo Pena is a U.S. citizen and resident of Multnomah County, Oregon. He is sued in his individual and official capacity.

13. At all material times, the Defendant Patrick Mawdsley is a U.S. citizen and resident of Multnomah County, Oregon. He is sued in his individual and official capacity.

14. At all material times, the above-named individual Defendants were employed as police officers for Defendant City of Portland and were acting individually and officially within the scope of their duties and employment, under color and authority of state law.

## FACTUAL BACKGROUND

15. On January 1, 2024, at approximately 1:40 A.M., Plaintiff was a passenger in a black Toyota Camry (the "Camry") traveling west on NE Broadway Street in Portland, Oregon. The Camry was following all traffic laws at the time of this incident.

16. Defendant Officers Anderson, Currier and Morales communicated, over the radio, and agreed to execute a box-in maneuver on the vehicle in which the Plaintiff was a passenger.

17. Defendants Anderson, Currier and Morales did not have the requisite probable cause or reasonable suspicion necessary to execute this seizure on the vehicle in which the Plaintiff was a passenger.



LAWRENCE LAW FIRM
54 WILBUR STREET
LAKE OSWEGO, OR 97034

18. Unexpectedly and without cause, an unmarked sport utility vehicle ("SUV") driven by Defendant Currier, without emergency lights or sirens on, rammed into the driver's side of the black Camry.

19. The impact caused Plaintiff to hit her head against the back passenger window.

20. Within a few seconds, another police SUV driven by Defendant Anderson, with Defendant Morales as a passenger, rammed the back end of the Toyota Camry.

21. Defendant Anderson was a new officer on the job, having received his Basic Police Certificate just four days earlier, on December 27, 2023.

22. Defendant Anderson was still an officer in training under the direction or supervision of Defendant Morales, or in the alternative, Defendants Anderson and Morales acted in concert as a two-man unit.

23. Approximately six Portland officers, including Defendants Currier, Morales, Anderson, Pena, and Mawsdley, exited the vehicles, yelling, "Get your fucking hands up," while pointing guns and rifles at those seated in the vehicle, including Plaintiff. Neither Plaintiff nor anybody in the Camry had committed any crimes to justify such an action.

24. With numerous police cars on scene, officers yelled for the driver to exit the vehicle, upon which one of the officers stated, "It's not them."

25. A second officer asked another, "Are you sure?"

26. A PPB Officer Defendant replied, "Yes, these guys are older."

27. One officer came up to the vehicle, apologizing for the damage and explaining that they had a report of a black car similar to the one Plaintiff was a passenger in that was driving recklessly and that was the reason why the two police cars driven by Defendants had intentionally rammed the vehicle.



LAWRENCE LAW FIRM
54 WILBUR STREET
LAKE OSWEGO, OR 97034

28. At the time of this conversation, another officer yelled out, “Check him for being drunk,” referring to the driver. That Officer had no basis for this request other than attempting to cover up the illegal ramming of the vehicle by the two police cars driven by Defendants.

29. Without any justification or probable cause one of the Defendant Officers made the driver perform a sobriety test, which the driver passed, before another officer yelled out, “Check his ID.” Once again, the officer had no reason to believe the driver had committed any crimes. This was done purely to cover up the illegal ramming of the car by the two police cars driven by Defendants.

30. Without any probable cause, a Defendant Officer ran the driver’s name and found out the driver had a warrant for not reporting to his probation officer to which the officer yelled out loudly, “Saved by the bell,” as if finding an excuse for violently ramming the vehicle while it was in motion.

31. Each Defendant Officer acted in concert to cover up the police-initiated crash and the unjustified detentions at gunpoint. On information and belief, they each observed and knew that there was no probable cause to detain Plaintiff at gunpoint or to hold her against her will. Each Defendant Officer could have stopped the ruse of trying to blame the driver when it was clear that their comrades had targeted innocent people.

32. Defendant Currier came over to the black Camry and apologized to fellow passenger Malvin Abel for the damages, saying that the driver was not in any trouble with the Portland Police Bureau and just had a warrant he had to deal with.

33. After Defendant Currier reiterated that the driver was not in any trouble with the Portland Police Bureau and that it was simply “bad luck” that the driver had a warrant, the driver asked the officer who would fix the damages to the vehicle.



LAWRENCE LAW FIRM
54 WILBUR STREET
LAKE OSWEGO, OR 97034

34. Defendant Currier then pulled out his notepad, wrote his name along with his badge number and a phone number to City of Portland Risk Management and said that "the City would pay for all the damages."

35. A short time later, Defendant Currier asked fellow passenger Malvin Abel to operate the Toyota Camry and attempt to separate it from the front end of the patrol vehicle which it was now stuck to. Defendant Currier did this without properly identifying Mr. Abel and confirming he had valid driving privileges, stating: "I don't give a shit if you have a driver license or not."

36. Following the incident, Defendant Currier's police report narrative contradicted the present officers' statements of misidentification during the encounter and instead stated that they had observed the black Camry commit numerous traffic violations and drive erratically before deciding to "box him in" and detain for potential DUI crimes and safety risks posed to the community. To be clear, this was a total fabrication and additional evidence of the instant attempt to cover up the Defendant Officers' illegal actions.

37. Defendant Currier's police report makes no mention that weapons were drawn and pointed at Plaintiff, that the vehicle that Plaintiff was in was misidentified, that the Plaintiff was subjected to excessive force and wrongfully detained, or that the encounter involved police vehicles ramming a moving vehicle, all required parts of a narrative for a police report.

38. Defendant Currier's depiction of the incident in his police report conceals serious misconduct on behalf of the Portland Police Bureau and the involved Defendant Officers by omitting, minimizing, misrepresenting, and falsifying conditions of the encounter and acts of the parties involved.



LAWRENCE LAW FIRM
54 WILBUR STREET
LAKE OSWEGO, OR 97034

39. On information and belief, each Defendant Officer knew that Currier's report was false.

40. Over a year later, on January 6, 2025, the Independent Police Review ("IPR") opened a complaint on Plaintiff's behalf.

41. On February 12, 2025, the Independent Police Review and Police Review Board concluded their investigation and sustained the following allegations:

a. Defendant Currier used inappropriate force during a vehicle box-in maneuver;

b. Defendant Currier failed to document a use of force incident;

c. Defendant Currier conducted a box-in on the wrong vehicle; and

d. Defendant Anderson failed to write a report documenting the box-in.

**FIRST CLAIM FOR RELIEF**

**42 U.S.C. § 1983**

**Excessive Force**

**Violations of Fourth and Fourteenth Amendments**

**Against Defendants Currier, Anderson, and Morales**

42. Plaintiff re-alleges all prior paragraphs.

43. The acts of Defendants described herein were taken under color of law.

44. As alleged above, Defendants Currier, Anderson, and Morales, working in concert, used force that was objectively unreasonable, unjustifiable, and constituted excessive force by ramming the Camry.

45. This conduct violates the Fourth Amendment as applied to the states and their political subdivisions through the Fourteenth Amendment to the United States Constitution.



LAWRENCE LAW FIRM
54 WILBUR STREET
LAKE OSWEGO, OR 97034

46. As a result, Plaintiff is entitled to general and compensatory damages under 42 U.S.C. § 1983, et seq., in an amount to be proven at trial.

47. In committing the acts alleged above, Defendants acted maliciously and/or were guilty of wanton and reckless disregard for the rights and safety of Plaintiff, and by reason thereof, Plaintiff is entitled to exemplary or punitive damages in an amount to be proven at trial.

48. Plaintiff is entitled to her reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**SECOND CLAIM FOR RELIEF**

**42 U.S.C. § 1983**

**Unlawful Seizure**

**Violation of Fourth and Fourteenth Amendments**

**Against Defendants Currier, Anderson, Morales, Pena and Mawdsley**

49. Plaintiff re-alleges all prior paragraphs.

50. As alleged above, Defendants Currier, Anderson, and Morales, working in concert, rammed the Camry.

51. Defendants Currier, Anderson, Morales, Pena and Mawdsley then, working in concert, seized Plaintiff by surrounding her with weapons pointed at her and forcing her to remain on the scene.

52. Through these actions, Defendants Currier, Anderson, Morales, Pena and Mawdsley subjected Plaintiff to a seizure. During this interaction, Plaintiff did not feel free to leave, nor would a reasonable person have felt so. She had committed no crime, and the Defendant Officers had no reasonable suspicion or probable cause to believe that Plaintiff had committed a



LAWRENCE LAW FIRM
54 WILBUR STREET
LAKE OSWEGO, OR 97034

crime.

53. Moreover, subjecting Plaintiff to threats of being shot and holding her at gunpoint was unreasonable under these circumstances.

54. There was not probable cause to justify any seizure or detention.

55. The seizure and detention of Plaintiff by Defendants was unlawful.

56. This conduct violates the Fourth Amendment to the United States Constitution.

57. In committing the acts alleged above, Defendants acted maliciously and/or were guilty of wanton and reckless disregard for the rights and safety of Plaintiff, and by reason thereof, Plaintiff is entitled to exemplary or punitive damages in an amount to be proven at trial.

58. As a result, Plaintiff is entitled to general and compensatory damages under 42 U.S.C. § 1983, et seq., in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**

**42 U.S.C. § 1983**

**Violations of Fourth and Fourteenth Amendments**

**Municipal Monell Liability Against Defendant City of Portland**

59. Plaintiff re-alleges all prior paragraphs.

60. The acts of Defendants described herein were taken under color of law.

61. Defendant City of Portland has a longstanding practice or custom of improperly and without probable cause taking hasty, aggressive, and dangerous action before checking the facts and understanding the situation that amounts to unreasonable and excessive force.

62. Defendant City of Portland's longstanding practice or custom of its police force operating under a "shoot first, ask questions later" approach manifests in many ways, including



LAWRENCE LAW FIRM
54 WILBUR STREET
LAKE OSWEGO, OR 97034

police officers misidentifying citizens, engaging in dangerous PIT maneuvers, unjustifiably drawing guns on citizens and police shootings, and then attempting to create a pretextual justification for their excessive use of force after the fact.

63. For example, in 2021, Portland Police misidentified a DoorDash driver as a hit-and-run assailant. The officers turned on their lights, and the driver began to pull over. Even though the driver was complying with the order to pull over, Portland Police officers used a PIT maneuver to ram the car. Officers then ordered the innocent driver out of his car at gunpoint. Portland settled with this driver.

64. In 2023, two women were driving through Portland on the way back from a trip to the Gorge. A Portland Police SUV, without lights and without any warning, violently struck their car into a hard spin, wrenching both of their bodies. A second Portland Police vehicle came head-on from the opposite direction and struck them again, pinning the car between them. Officers then ordered them out of the car at gunpoint. The two women filed suit and Portland eventually settled the matter..

65. Upon information and belief, discovery will reveal more incidents of the use of excessive or unreasonable force by the Portland Police Bureau through the use of dynamic box-in or PIT maneuvers on innocent citizens without probable cause or sufficient justification, and involving misidentification of the suspects. This information is peculiarly within Defendants' possession and control.

66. This longstanding custom of engaging in unlawful and unreasonable PIT and box-in maneuvers is the moving force behind Defendants' violations of Plaintiff's Fourth Amendment rights, and the direct and proximate cause of Plaintiff's injuries, embarrassment, humiliation, insult, and damages in amounts to be determined by the jury at trial.



LAWRENCE LAW FIRM
54 WILBUR STREET
LAKE OSWEGO, OR 97034

67. These unlawful and unreasonable PIT maneuvers are so persistent and widespread and have become such a permanent and well-settled City policy that the Portland Police Bureau uses PIT maneuvers as a recruiting tool in social media advertising, telling potential applicants:

a. "On average a PPB trainee will do around 72 PIT maneuvers as part of their initial training."

b. "No experience necessary."

c. "We will train you to do this successfully."[1]

68. Experts in police tactics are emphatic that a PIT maneuver is the last resort and should be employed only after officers exhaust all other options to safely stop a vehicle.

69. By promoting PIT maneuvers as a marketing tool to recruit officers, Portland Police Bureau is sending the message that PIT maneuvers are part of the everyday experience of being a PPB officer.

70. Even more disturbing, the Facebook post promotes using PIT maneuvers on the Burnside Bridge, even though experts in police tactics warn that using PIT maneuvers on a bridge is incredibly dangerous and can result in vehicles going over the bridge, causing harm to both pursued persons and bystanders on the bridge and below.

71. Portland Police Bureau promotes a culture of reckless, cowboy behavior where officers view police chases and PIT maneuvers as an exciting and standard part of the job. PPB's promotion of chases and PITs shows them as if they were a video game.

72. In another Facebook post titled "Pursuit Authorized," PPB uses a meme video starting with a woman stating, "Men only want one thing and it's not money and it's not power,

---

[1] https://www.facebook.com/reel/915271921290516



LAWRENCE LAW FIRM
54 WILBUR STREET
LAKE OSWEGO, OR 97034

it's…" and then cuts to a video of a PPB officer engaged in a police chase with the caption "Pursuit authorized on Rolling Stolen Vehicles." The video then shows a montage of police chases.[2]

73. These videos also demonstrate that PPB's PIT training is constitutionally deficient. PPB emphasizes perfecting the PIT maneuver but utterly fails to properly train officers on only using the maneuver as a last resort. This failure of training directly led to the improper use of the PIT maneuver in this case and the other examples described above.

74. This deficient training amounted to deliberate indifference to constitutional rights and this deficiency directly led to the Plaintiff's injuries.

75. As a result, Plaintiff is entitled to general and compensatory damages under 42 U.S.C. § 1983, *et seq*., in an amount to be proven at trial.

**FOURTH CLAIM FOR RELIEF**

**Oregon State Law Claim under ORS 30.260 to 30.300**

**Assault**

**Against Defendants City of Portland, Currier, Anderson, Morales, Pena and Mawdsley**

76. Plaintiff realleges all prior paragraphs.

77. The acts of the Defendants described herein were taken under the color of law.

78. As alleged above, Defendants Currier, Anderson, and Morales, working in concert, rammed the Camry.

---

[2] https://www.facebook.com/reel/1355546196722022



LAWRENCE LAW FIRM
54 WILBUR STREET
LAKE OSWEGO, OR 97034

79. Defendants Currier, Anderson, Morales, Pena and Mawdsley then, working in concert, seized Plaintiff by surrounding her with weapons pointed at her and forcing her to remain on the scene.

80. Through these actions of ramming Plaintiff's car and pointing weapons at her, Defendants intentionally attempted to cause harmful or offensive contact with Plaintiff while possessing the present ability to carry out their intentions, and did cause contact and serious physical injuries to Plaintiff by means of an intentional ramming with police vehicles against a citizen and pointing guns at her.

81. Plaintiff is entitled to general and compensatory damages in an amount to be proven at trial.

82. Defendant City of Portland is vicariously liable for the torts committed by its employees as described above.

**FIFTH CLAIM FOR RELIEF**

**Oregon State Law Claim under ORS 30.260 to 30.300**

**Battery**

**Against Defendants City of Portland, Currier, Anderson, and Morales**

83. Plaintiff realleges all prior paragraphs.

84. As alleged above, Defendants Currier, Anderson, and Morales, working in concert, rammed the Camry.

85. Those Defendants, acting in concert, did intentionally cause harmful or offensive contact with Plaintiff by intentionally ramming the vehicle in which Plaintiff was a passenger, causing physical and emotional injury to Plaintiff.

86. Defendants are therefore liable for the battery against Plaintiff.

87. Due to Defendants' battery against Plaintiff, she is owed compensation in an amount to be determined by a jury at trial.

88. Defendant City of Portland is vicariously liable for the torts committed by its employees as described above.

**SIXTH CLAIM FOR RELIEF**

**Oregon State Law Claim under ORS 30.260 to 30.300**

**Intentional Infliction of Emotional Distress**

**Against All Defendants**

89. Plaintiff realleges all prior paragraphs.

90. As alleged above, Defendants Currier, Anderson, and Morales, working in concert, rammed the Camry.

91. Defendants Currier, Anderson, Morales, Pena and Mawdsley then, working in concert, seized Plaintiff by surrounding her with weapons pointed at her and forcing her to remain on the scene.

92. As described above, Defendant Currier concealed serious misconduct on behalf of the Portland Police Bureau and the other Defendant Officers by omitting, minimizing, misrepresenting, and falsifying conditions of the encounter and acts of the parties involved.

93. On information and belief, each Defendant Officer knew that Currier's report was false.

94. The acts of Defendants described herein were taken under color of law.

95. By the acts described herein, Defendants intended to subject Plaintiff to severe



LAWRENCE LAW FIRM
54 WILBUR STREET
LAKE OSWEGO, OR 97034

emotional distress, or knew that such emotional distress was substantially certain to occur as a result of their conduct using excessive force on Plaintiff and ramming the Camry before approaching, shouting, with firearms drawn and pointed at Plaintiff, and by fabricating and concealing evidence of the excessive use of force.

96. Defendants' use of excessive force against Plaintiff and their attempts to fabricate and conceal the evidence thereof constituted extraordinary transgressions of the bounds of socially tolerable conduct.

97. Defendants' use of excessive force and fabrication and concealment of evidence thereof in fact caused Plaintiff severe emotional distress.

98. As a result, Plaintiff is entitled to general and compensatory damages in an amount to be proven at trial.

99. Defendant City of Portland is vicariously liable for the torts committed by its employees as described above.

**SEVENTH CLAIM FOR RELIEF**

**Oregon State Law Claim under ORS 30.260 to 30.300**

**Negligent Supervision**

**Against Defendants Morales and City of Portland**

100. Plaintiff realleges all prior paragraphs.

101. It was foreseeable that, as a new officer, Defendant Anderson posed a risk of using excessive force against members of the public.

102. The risk to the physical safety of members of the public posed by Defendant Anderson's inexperience is of a kind that the law protects from negligent invasion.



LAWRENCE LAW FIRM
54 WILBUR STREET
LAKE OSWEGO, OR 97034

103. Defendant Morales failed to adequately supervise Defendant Anderson in a manner that was unreasonable in light of the risk.

104. Defendant Morales's failure to adequately supervise Defendant Anderson was a cause of Plaintiff's physical and emotional injuries.

105. As a member of the public, Plaintiff was within the class of people, and her injuries were within the type of injuries that makes Defendant Morales's conduct negligent.

106. Defendant City of Portland is vicariously liable for the torts committed by its employees as described above.

107. As a result, Plaintiff is entitled to general and compensatory damages in an amount to be proven at trial.

## EIGHTH CLAIM FOR RELIEF

### Oregon State Law Claim under ORS 30.260 to 30.300

### Negligent Infliction of Emotional Distress

### Against All Defendants

108. Plaintiff realleges all previous paragraphs.

109. As alleged above, Defendants Currier, Anderson, and Morales, working in concert, rammed the Camry.

110. Defendants Currier, Anderson, Morales, Pena and Mawdsley then, working in concert, seized Plaintiff by surrounding her with weapons pointed at her and forcing her to remain on the scene.

111. As described above, Defendant Currier concealed serious misconduct on behalf of the Portland Police Bureau and the other Defendant Officers by omitting, minimizing,



LAWRENCE LAW FIRM
54 WILBUR STREET
LAKE OSWEGO, OR 97034

misrepresenting, and falsifying conditions of the encounter and acts of the parties involved.

112. On information and belief, each Defendant Officer knew that Currier's report was false.

113. Plaintiff has a legally protected interest in her own safety, bodily autonomy, and bodily integrity.

114. Plaintiff was physically impacted by the acts of the Defendants.

115. Defendants negligently caused severe emotional distress to Plaintiff.

116. Plaintiff's severe emotional distress at the hands of Defendants was reasonably foreseeable.

117. As a result, Plaintiff is entitled to general and compensatory damages in an amount to be proven at trial.

118. Defendant City of Portland is vicariously liable for the torts committed by its employees as described above.

**NINTH CLAIM FOR RELIEF**

**Oregon State Law Claim under ORS 30.260 to 30.300**

**Negligence**

**Against Defendants City of Portland, Currier, and Anderson**

119. Plaintiff realleges all prior paragraphs.

120. Each Defendant acted without regard to the rights of Plaintiff and breached a duty of care owed to the Plaintiff.

121. As alleged above, Defendants Currier and Anderson, working in concert, rammed the Camry.



LAWRENCE LAW FIRM
54 WILBUR STREET
LAKE OSWEGO, OR 97034

122. Defendants Currier and Anderson each breached the duty of reasonable care owed by motorists under Oregon law.

123. As a result, Plaintiff is entitled to general and compensatory damages in an amount to be proven at trial.

124. Defendant City of Portland is vicariously liable for the torts committed by its employees as described above.

**TENTH CLAIM FOR RELIEF**

**Oregon State Law Claim under ORS 30.260 to 30.300**

**False Arrest**

**Against Defendants Currier, Anderson, Morales, Pena and Mawdsley**

125. Plaintiff realleges all prior paragraphs.

126. As alleged above, Defendants Currier, Anderson, and Morales, working in concert, rammed the Camry.

127. Defendants Currier, Anderson, Morales, Pena and Mawdsley then, working in concert, arrested Plaintiff by surrounding her with weapons pointed at her and forcing her to remain on the scene.

128. Through these actions, Defendants Currier, Anderson, Morales, Pena and Mawdsley subjected Plaintiff to an arrest. During this interaction, Plaintiff did not feel free to leave, nor would a reasonable person have felt so. She had committed no crime, and the Defendant Officers had no reasonable suspicion or probable cause to believe that Plaintiff had committed a crime.

129. Defendants intentionally caused the restraint of Plaintiff, and this restraint was



LAWRENCE LAW FIRM
54 WILBUR STREET
LAKE OSWEGO, OR 97034

unlawful.

130. There was not probable cause to justify any seizure or detention.

131. The seizure and detention of Plaintiff by Defendants was unlawful.

132. As a result, Plaintiff is entitled to general and compensatory damages in an amount to be proven at trial.

133. Defendant City of Portland is vicariously liable for the torts committed by its employees as described above.

**DAMAGES**

134. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered economic and noneconomic damages, including:

135. Plaintiff's loss of her civil rights to be free from the use of excessive force by law enforcement;

136. Plaintiff's loss of her civil rights to be free from unconstitutional unlawful arrest and unreasonable seizure;

137. Plaintiff's loss of her civil rights to be free from intentional infliction of emotional distress by law enforcement;

138. Plaintiff's physical and emotional ailments include, but are not limited to, post-traumatic stress disorder, emotional distress, concussion, seizures, brain lesions, paresthesia, partial empty sella syndrome, left hemibody numbness, altered mental status, right knee sprain, and injuries to her head, neck, and back;

139. Costs for medical treatments for Plaintiff's physical injuries that are the direct result of Defendants' acts and omissions; and

140. Plaintiff's pain, suffering, and mental anguish.



LAWRENCE LAW FIRM
54 WILBUR STREET
LAKE OSWEGO, OR 97034

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. Grant Plaintiff compensatory damages and, where available, punitive damages against Defendants for the injuries, damages, and losses listed herein, in an amount to be determined at trial;
2. Award Plaintiff reasonable costs, expenses, and attorney fees; and
3. Grant Plaintiff such further relief as this Court deems just and equitable.

Dated this 5th day of October 2026.

Respectfully submitted,

*/s/ Tara R. Lawrence*
Tara R. Lawrence, OSB # 990581
tara@taralawrencelaw.com