CAREY CALDWELL, OSB 093032
Senior Deputy City Attorney
Carey.caldwell@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089

*Of Attorneys for Defendants City of Portland, George Anderson, Nicholas Morales, Joseph Jesse, Jessica Bird, Camilo Pena, and Patrick Mawdsley*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **MALVIN ABEL,**<br>an Oregon resident,<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF PORTLAND**, an Oregon municipal corporation;<br>**MICHAEL CURRIER**, individually and in his official capacity;<br>**GEORGE ANDERSON**, individually and in his official capacity;<br>**NICHOLAS MORALES**, individually and in his official capacity;<br>**JOSEPH JESSE**, individually and in his official capacity;<br>**JESSICA BIRD**, individually and in her official capacity;<br>**DOES 1-6**, individually and in their official capacity;<br><br>Defendants. | Case No.: 3:24-cv-02028-IM (Lead Case)<br>Case No.: 3:25-cv-02446-IM (Trailing Case)<br><br>**CITY DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS NICHELLE CARTER'S SECOND AMENDED COMPLAINT** |

**NICHELLE CARTER,**
an Oregon resident,

Plaintiff,

v.

**CITY OF PORTLAND,** an Oregon municipal corporation;
**MICHAEL CURRIER,** individually and in his official capacity;
**GEORGE ANDERSON**, individually and in his official capacity;
**NICHOLAS MORALES**, individually and in his official capacity;
**CAMILO PENA,** individually and in his official capacity;
**PATRICK MAWDSLEY**, individually and in his official capacity

Defendants.

## REPLY

The bulk of Plaintiff's *Monell* claim, such as it is, relies in large part on the City's alleged use of Pursuit Intervention Technique ("PIT") maneuvers. As Defendants show in their underlying Motion, Plaintiff was not subject to a PIT maneuver, so PIT maneuvers are immaterial to her claim. In keeping, a PIT maneuver is so distinct from a box-in that any policy or custom related to the same cannot provide bases for liability under a *Monell* claim. Even if it PIT maneuver could be considered sufficiently similar to a box-in, it is not, Plaintiff's two distinct exemplars do not evidence a "persistent and widespread" custom sufficient to show a "permanent and well settled Portland Police Bureau policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Further, the City could never itself take such alleged "hasty, aggressive, and dangerous action before checking the facts and understanding the situation that amounts to unreasonable and excessive force." (ECF 89, ¶61). *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 690-91 (1978) (no vicarious liability in *Monell* claim). The *Monell* claim in Plaintiff's Second Amended Complaint should be dismissed.



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

**1. Judicial Notice.**

Defendants requested the Court take judicial notice of certain materials related to the two events Plaintiff relies on to support her *Monell* claim. (ECF 91, p.3). Plaintiff alleges those two events were memorialized by settlement. (ECF 89, ¶¶63, 64). The settlements required the Portland City Council to enact law to execute the same.[1] As such, the City ordinances are matters of public record, generally known, and their accuracy can be readily determined. Fed. R. Evid. 201(b), (c); *Miller v. WinCo Foods, LLC*, No. 3:19-CV-02094-AC, 2020 WL 6693149, at *2 (D. Or. Sept. 3, 2020), *report and recommendation adopted*, No. 3:19-CV-02094-AC, 2020 WL 6685697 (D. Or. Nov. 12, 2020) (city ordinances subject to judicial notice).

Exhibits 2 and 3 to the Declaration of Carey Caldwell are the ordinances enacted into law by the Portland City Council to effect the respective settlements. (ECF 92–2, 92–3). As provided, they are subject to judicial notice. Exhibit 2 is explicit that it is a claim for alleged wrongdoing by BOEC and not PPB. (ECF 92–2). Plaintiff's attempt to attribute any *alleged* injury in that claim to excessive force is a "bare assertion" not supported by any fact. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (bare assertions "are conclusory and not entitled to be assumed true."). The issue was never litigated and there is nothing to support that bare assertion. *See Barber v. Cnty. of Orange*, No. SACV2100031CJCJ-DEX, 2021 WL 2981014, at *2 (C.D. Cal. July 13, 2021) (settled cases do not provide bases for *Monell* liability).

Likewise, Exhibit 3 is explicit that the basis of that claim was a PIT maneuver. (ECF 92–3). Plaintiff never experienced a PIT maneuver. (*See generally* ECF 89, ¶¶16, 41(a)–(d) (alleging box-in)). There is no allegation of any pursuit, fleeing, or other attempt to throw Plaintiff's vehicle into a spin.[2] A PIT maneuver is simply immaterial to the bases of the claims in her Second Amended

---

[1] https://www.portland.gov/code (last visited November 23, 2026).

[2] https://www.portland.gov/policies/police-directives/field-operations-0600/063005-vehicle-interventions-and-pursuits (providing PIT definition) (last visited November 23, 2026) *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1223 (9th Cir. 2004) ("We may take judicial notice of a



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

Complaint. *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir.2008) (court need not accept as true "allegations that contradict matters properly subject to judicial notice.").

Once again, the settlement examples do not evidence any finding by any tribunal of wrongdoing or constitutional violation. *Barber*, 2021 WL 2981014, at *2.

The foregoing is sufficient alone to show Plaintiff cannot support a *Monell* claim – she does not, and cannot, show a longstanding custom or practice so "persistent" that it constitutes a "permanent and well settled city policy" and "constitutes the standard operating procedure of the local governmental entity." *Trevino*, 99 F.3d at 918; *Hollandsworth v. City & Cnty. of Honolulu*, 440 F. Supp. 3d 1163, 1179 (D. Haw. 2020) ("Plaintiff has provided no pattern or consistency to the types of violations that occurred, and the Court cannot equate the conduct surrounding Plaintiff's alleged [incident] with the varied assortment of Plaintiff's other cited incidents."). Her *Monell* claim is instead "predicated on isolated or sporadic incidents" which cannot support a claim. *Trevino*, 99 F.3d at 918; *see also*

**2. Plaintiff Otherwise Cannot Not Support a *Monell* Claim.**

Plaintiff's Response appears to focus on alleged PIT training deficiencies. (ECF 98, pp.9–10). Ironically, Plaintiff alleges PPB requires trainees to practice such a maneuver at least 72 times. (ECF 89, ¶67(a)). Apparently, Plaintiff believes that is too much practice, rather than deficient practice. Otherwise, Plaintiff uses hyperbole, histrionics, speculation, and conclusory language related to social media posts and not any actual training in attempt to bring her claim. (*See*, *e.g.*, ECF 89, ¶67–73); *see also*, *e.g.*, *Gilead*, 536 F.3d at 1055 ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). Regardless, as noted in the underlying Motion and above, a PIT maneuver is a distinct procedure from a box-in and any purported social media posts related to PIT stops cannot support a *Monell* claim, particularly when not accompanied by any alleged constitutional violation. *Capp v.*

---

record of a state agency not subject to reasonable dispute.").



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

*Cnty. of San Diego*, 940 F.3d 1046, 1061 (9th Cir. 2019) (conclusory alleged misconduct insufficient to form viable claim and plausible constitutional violation).

Once again, a *Monell* claim "must be founded upon practices of sufficient duration, frequency and *consistency* that the conduct has become a traditional method of carrying out policy." *Trevino*, 99 F.3d at 918 (emphasis added). Courts routinely distinguish between different tools and how they are used for purposes of evaluation of constitutional violations. *See*, *e.g.*, *Young v. City of Los Angeles*, 655 F.3d 1156, 1162 (9th Cir. 2011) (pepper spray as intermediate force; short burst may be considered even lesser force); *Felarca v. Birgenau*, 891 F.3d 809, 817 (9th Cir. 2018) (jabs with baton less significant force than blows with baton); *Smith v. City of Hemet,* 394 F.3d 689, 701-702 (9th Cir. 2005) (intrusiveness of pepper spray seizure heightened by contemporaneous use of other intermediate force); *Young*, 655 F.3d at 1162 (pepper spray followed by multiple strikes with metal baton more severe), *Nelson v. City of Davis,* 685 F.3d 867, 879 (9th Cir. 2012) (pepper spray fired in an impact round instead of aerosol more severe). Likewise, a vehicle can be used in different ways. *Seidner v. de Vries*, 39 F.4th 591, 597 (9th Cir. 2022) (describing some differences in use of a vehicle).

While this Court need not evaluate any level of force, it can recognize that using a tool in different manners at different times in different situations cannot represent any type of frequent, consistent conduct necessary to support a *Monell* claim. *Trevino*, 99 F.3d at 918. A box-in and PIT maneuver are so distinct as to have different definitions, purposes, formulations, and manners of execution. (*See*, fn. 2, *supra*, definitions for box-in and PIT). It would be akin to allowing a plaintiff to plead liability for marketing use of a FN303 less lethal launcher when the plaintiff was subject to use of a taser (even assuming use of any force in this case). They are simply not the same and any PIT marketing cannot form the basis of a claim where a plaintiff was boxed-in. Plaintiff's *Monell* claim should not survive.

/ / /



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

As a final issue, Plaintiff may not engage in a fishing expedition to attempt to discover a *Monell* claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (poorly framed claim "does not unlock the doors of discovery for a plaintiff . . . ."); *Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1204 (9th Cir. 2021) (cannot "condone the use of discovery to engage in 'fishing expedition[s]'") (citations omitted); *Shinotsuka v. Fed. Corr. Inst. Terminal Island*, No. CV 22-03275-MWF (KSX), 2023 WL 6812759, at *4 (C.D. Cal. Sept. 14, 2023) (denying discovery to support *Monell* claim as a fishing expedition). According to Plaintiff she already searched 'far and wide' and 'scoured' to find something to support a *Monell* claim in her Second Amended Complaint. She may not use discovery to otherwise find a way to comply with Rule 11 requirements.

## CONCLUSION

Based on the foregoing, Plaintiff fails to plead a *Monell* claim and Defendant City respectfully requests the Court again dismiss that claim.

Dated: November 23, 2026

Respectfully submitted,

*/s/ Carey Caldwell*

CAREY CALDWELL, OSB # 093032
Sr. Deputy City Attorney
Telephone: (503) 823-4047